IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JAN 1 3 2015

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

LAVENIA BANKS

    Plaintiff,

-against-

PORTFOLIO RECOVERY ASSOCIATES, LLC
A Virginia Corporation

    Defendant.

Civil Action No. 15-6006

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT

Plaintiff, Lavenia Banks (Banks), by his undersigned counsel brings this action against Portfolio Recovery Associates, LLC (Portfolio), and states:

### STATEMENT OF JURISDICTION AND VENUE

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692k(d), 15 U.S.C. §1681p and 28 U.S.C. §1367 for pendant State law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. and violations of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §4-88-107(a)(10).

1

3. The acts and events complained of in this Complaint occurred within Hot Springs, Garland County, Arkansas.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES TO THE CLAIM

5. The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6. Banks is a resident of Hot Springs, Garland County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

7. At the time of the incident described further herein, Portfolio was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

8. Portfolio is being served via its registered agent:

>Corporation Service Company
>300 Spring Building, Suite 900
>300 S. Spring Street
>Little Rock, AR  72201

## FACTUAL BACKGROUND

9. The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10. Portfolio filed a lawsuit against Banks in the District Court of Garland County, Arkansas on September 26, 2014 alleging a consumer debt.

11. The lawsuit and attached affidavit alleges Banks defaulted on a credit card account

obligation with the original creditor, GE Capital Retail Bank/Wal-Mart. A copy of that suit is attached hereto as "**Exhibit 1**" and incorporated as if set forth word for word.

12. Portfolio asserted it purchased and was assigned the account.

13. The Complaint filed by Portfolio, and the attached affidavit, reflect an amount due of $840.71.

14. Upon information and belief, the amount charged off by the original creditor was $588.00.

15. Upon information and belief, the date of default was August 2011.

16. Upon information and belief, the amount claimed in the lawsuit filed by Portfolio contains interest and late charges accrued after the default date, as well as after it was charged off by the original creditor.

17. The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

18. TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where a finance charge is imposed. 15 U.S.C. §1637(b).

19. That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges. 15 U.S.C. §1637(b).

20. Consistent with 15 U.S.C. §1637(b), Regulation Z also requires creditors to "mail or deliver a periodic statement as required by (12 C.F.R.) §226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed." *Id*. At 12 C.F.R. §226.5(b)(2)(i).

21. However, Regulation Z provides exceptions to this requirement that periodic

3

statements be sent and enables creditors to *not* send those required periodic statements if the creditor does certain things.

22.     One of those exceptions is if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account. 12 C.F.R. §226.5(b)(2)(i).

23.     Therefore, under applicable regulations, GE Capital Retail Bank was required to send periodic statements to Banks until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account." 12 C.F.R. §226.5(b)(2)(i).

24.     Previous to the alleged purchase of the account by Portfolio from GE Capital Retail Bank, GE Capital Retail Bank charged off an account alleged to have been incurred by Banks.

25.     Because GE Capital Retail Bank had charged off the account, it was not required to send periodic statements to Banks as would otherwise be required by law.

26.     Therefore, after charging off the account, GE Capital Retail Bank did not send any billing statements regarding the account to Banks.

27.     GE Capital Retail Bank took advantage of the charge off exception to enable it to not be required to send periodic billing statements.

28.     The legal trade-off for entitling GE Capital Retail Bank to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

29.     Therefore, after the account was written off, GE Capital Retail Bank was precluded by law from charging additional fees or interest on the account because it had not sent out the

4

periodic statements.

30. Portfolio professes to be in the same shoes as GE Capital Retail Bank due to its purchase and assignment of the account.

31. Portfolio would not acquire any greater rights than GE Capital Retail Bank had at the time of the alleged purchase.

32. By assessing interest and other charges for which there was no legal basis, Portfolio is in violation of **15 U.S.C §1692f(1)** which prohibits a debt collector from collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

33. By assessing charges, namely interest and late charges after the date of default, which are not authorized by the agreement or law, Portfolio is in violation of **15 U.S.C. §1692e(5)** by taking action that cannot legally be taken.

34. The Complaint further requests costs and for all other proper relief.

35. Because "costs and all other proper relief" are not authorized by the agreement creating the debt, the Complaint seeks to collect amounts not authorized by contract in violation of **15 U.S.C. §1692f(1)**.

36. By not attaching the agreement upon which it is suing, Portfolio is making a false representation of the character, amount, or legal status of the debt in violation of **15 U.S.C. §1692e(2)(A)**.

37. By not attaching the agreement upon which it is suing, Portfolio is engaging in unfair or unconscionable means in its attempt to collect the alleged debt in violation of **15 U.S.C.**

§1692f.

38.     Portfolio has attached no evidence that it purchased the debt from the original creditor and; thus, is taking action which cannot legally be taken in violation of **15 U.S.C. §1692e(5).**

39.     Portfolio is in violation of **15 U.S.C. §1692e(10)** by making false representations and engaging in deceptive means in attempting to collect the debt by its inability to document any agreement between Banks and any creditor.

40.     Upon information and belief, the original creditor was Synchrony Bank and not GE Capital Retail Bank.

41.     At the time it commenced the action against Banks, Portfolio possessed insufficient evidence and intended not to further investigate in violation of **15 U.S.C. §1692(e)(5).**

42.     Upon information and belief, the principal amount charged off by the original creditor was $588.00.

43.     The Complaint filed by Portfolio requests a judgment in the principal amount of $840.71.

44.     Portfolio is seeking to collect amounts not owed in violation of **15 U.S.C. §1692e(2)(A)** which prohibits the false representation of the character, amount, or legal status of any debt.

45.     Upon information and belief, Banks' account was delinquent and in default in August, 2011.

46.     The collection lawsuit filed by Portfolio was filed September 26, 2014.

47.     Pursuant to Ark. Code Ann. §16-56-105(1), the statute of limitations for any obligation not in writing is three years.

48.     Under applicable Arkansas law, a cause of action based upon a debt obligation accrues when the debt goes into default.

49.     As Banks' alleged debt went into default in August, 2011, the collection lawsuit filed by Portfolio was outside the applicable statute of limitations.

50.     Because Portfolio filed its collection lawsuit outside the applicable statute of limitations, Portfolio took action that it could not legally take in violation of **15 U.S.C. §1692e(5).**

51.     Portfolio's conduct violates the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692, et seq.

52.     Portfolio's conduct violates the FDCPA for which statutory damages apply pursuant to 15 U.S.C. §1692k(a)(2)(A).

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

53.     The averments set forth in paragraphs 1-52 are adopted herein and incorporated as if set forth word for word.

54.     Portfolio is in violation of the following sections of the Fair Debt Collection Practices Act as alleged above:

    a.     15 U.S.C. §1692e(2)(A): Making a false representation of the character, amount, or legal status of any debt;

    b.     15 U.S.C. §1692e(5): Taking action that cannot legally be taken or that is not intended to be taken;

    c.     15 U.S.C. §1692e(10): The use of any false representation or deceptive means to collect any debt;

    d.     15 U.S.C. §1692f: Using unfair or unconscionable means to collect or attempt to collect any debt;

e. 15 U.S.C. §1692f(1): The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

55. The averments contained in paragraphs 1-54 are hereby incorporated as if set forth word for word.

56. Portfolio reported to all three credit reporting agencies that Banks was indebted to Portfolio in the amount of $841.00.

57. The original creditor reported a charge-off amount of $588.00

58. Portfolio, despite actual knowledge of the amount allegedly owed by Banks, reported to all three credit reporting agencies that Banks was indebted to Portfolio in amount in excess of what was charged-off by the original creditor and in an amount not owed in violation of **15 U.S.C. 1681s-2(a)(1)(A).**

## VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT

59. The averments contained in paragraphs 1-58 are hereby incorporated as if set forth word for word.

60. By representing that the principal amount owed by Banks was $840.71 when, upon information and belief, the principal amount owed was $588.00, Portfolio was engaged in false and deceptive acts pursuant to Ark. Code Ann. §4-88-107(a)(10).

## DAMAGES

61. The averments set forth in paragraphs 1-60 are adopted herein and incorporated as if set forth word for word.

8

62. As a direct and proximate result of the occurrence made the basis of this lawsuit, Banks is entitled to the following damages:

    a. actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

    b. statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A).

    c. actual damages pursuant to 15 U.S.C. §1692k(a)(1)

    d. actual damages and attorney fees pursuant to Ark. Code Ann. §4-88-113(f).

    e. actual damages and attorney fees and costs pursuant to 15 U.S.C. §1681n

## DEMAND FOR JURY TRIAL

63. The averments set forth in paragraphs 1-62 are adopted herein and incorporated as if set forth word for word.

64. Banks demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Banks prays that:

1. She be granted statutory damages pursuant to the 15 U.S.C. §1692k(a)(2)(A);

2. She be granted actual damages pursuant to the 15 U.S.C. §1692k(a)(1);

3. She be granted costs and attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

4. She be granted actual damages and attorney fees pursuant to Ark. Code Ann. §4-88-113(f).

5. She be granted actual damages and attorney fees pursuant to 15 U.S.C §1681n.

Respectfully submitted,

By: _____
Todd Wooten, Esq.   ABN 94034
**WOOTEN LAW FIRM**
2226 Cottondale Lane, Suite 210
Little Rock, Arkansas 722202
Telephone: (501) 218-6064
todd@wootenlaw.net

and _____

J.R. Andrews, Esq.   ABN 92041
Attorney at Law
2014 Martha Drive
Little Rock, Arkansas 72212
Telephone: (501) 680-3634
jrandrewsatty@yahoo.com

Attorneys for Plaintiff